UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT T. MORAN,

                        Plaintiff,

   -v.-                                                 6:06-CV-1337
                                                            (LEK/GHL)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## DECISION AND ORDER[1]

### I. Background

      Before the Court is a Motion for attorneys' fees pursuant to Section 204, Subsection 2412 of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Motion (Dkt. No. 17). This case was an appeal from a denial of Social Security Disability benefits. See Compl. (Dkt. No. 1) at ¶ 3. On August 8, 2007, the Court rendered a final judgment in favor of Plaintiff Robert T. Moran, reversing the final decision of the administrative law judge and remanding the case for rehearing, pursuant to sentence four of 42 U.S.C. § 405(g). Judgment (Dkt. No. 16). Plaintiff filed this Motion on August 16, 2007, asking for attorneys' fees and costs totaling $2,943.23. Affirm. of Counsel (Dkt. No. 17, Attach. 3) at 5. The Government does not contest this amount. See Def.'s Resp. to Motion (Dkt. No. 18) at 1. However, the Government argues that any fees awarded cannot be made payable under the EAJA to Plaintiff's counsel, Attorney Peter Antonowicz, as Plaintiff requests, but rather should be paid directly to Plaintiff Moran. Id.

---

[1] For printed publication by the Federal Reporters.

1

## II. Discussion

**A. Amount Requested**

The EAJA provides for an award of attorneys' fees and costs to the prevailing party in social security litigation against the United States when the government fails to demonstrate that its position opposing the plaintiff was "substantially justified," and absent "special circumstances" making an award unjust. See 42 U.S.C. § 2412(d)(1)(A); Wells v. Bowen, 855 F.2d 37, 41 (2d Cir. 1988) (citations omitted). In social security litigation, a plaintiff who succeeds in obtaining a remand under sentence four of § 405(g) is a "prevailing party," and may pursue fees under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 297-298, 300-301 (1993). In this case, the Government stipulated to the remand and, in response to the present Motion, does not attempt to argue that its opposition to Plaintiff's appeal was "substantially justified" or that "special circumstances" suggest a reduced award. See Consent Order to Remand Pursuant To Sentence 4 (Dkt. No. 14); see also Def.'s Resp. to Motion (Dkt. No. 18). The Government does not object to the amount requested by Plaintiff, $2,943.23. Id. at 1. After reviewing the record and the papers submitted by the parties in regard to the present Motion, it is clear that the Government's position was not substantially justified and that no circumstance suggests justice would be achieved by withholding the reimbursement of fees for a reasonable number of hours expended.

The EAJA requires reimbursement at a maximum rate of $125 per hour, subject to an upward cost of living adjustment or a special factor justifying a higher fee. See 42 U.S.C. § 2412(d)(2)(A); see also Contract with America Advancement Act of 1996, P.L. No. 104-121, 110 Stat. 847, 863, §§ 232(b)(1), 233, *discussed in* Kerin v. U.S. Postal Service, 218 F.3d 185, 189 (2d Cir. 2000). In his Affirmation, Plaintiff's counsel mistakenly states the reimbursement rate.

2

Affirm. of Counsel (Dkt. No. 17, Attach 3) at ¶ 11.  Counsel asserts that the maximum rate for attorneys' fees under 42 U.S.C. § 2412(d)(2)(A)(ii) is $75 per hour, and relies on this figure in calculating the total reimbursement due to Plaintiff.  Id.

    1. Counsel's Error Does Not Justify A Reduced Award

In reviewing an application for attorneys' fees submitted under the EAJA, a district court must examine the fee request and justify its award in accordance with the limits imposed by the EAJA.  See, e.g., Kerin v. U.S. Postal Service, 218 F.3d 185, 191-193 (2d Cir. 2000).  While "a district court may award 'reasonable attorney[s'] fees' pursuant to § 2412(d) using any hourly rate below this statutory cap," id. at 189, the Second Circuit requires the district courts to use a specific methodology to calculate each award.  See id. at 189-194.  The Second Circuit has explained that, absent a specific finding that reimbursement at the prevailing market rate would be unjust, an award under § 2412(d) is intended to approximate the "prevailing market rates for comparable attorneys of comparable skill and standing in the pertinent legal community," subject to the $125 per hour statutory ceiling.  Id. at 190 (citation omitted).  See also Aston v. Sec'y of H.H.S., 808 F.2d 9, 11 (2d. Cir. 1986) ("The EAJA's legislative history provides: 'the computation of attorney fees should be based on prevailing market rates.'") *quoting* H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 15, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4994.

As noted above, nothing in the course of proceedings before this Court suggests a reduction in the award as a means to achieve justice, and the Government concedes as much.  See Resp. to Motion (Dkt. No. 18) at 1.  The mistaken use of the outdated hourly rate cannot properly serve as a reason upon which to premise a reduced award.  The Second Circuit has explained that "[t]he claim that a denial of attorneys' fees penalizes the lawyer but not the client exhibits a fundamental

confusion about the nature of that relationship both in our legal system and under the EAJA." Oguachuba v. I.N.S., 706 F.2d 93, 97 (2d Cir. 1983). An award of attorneys' fees under the EAJA is used "to defray the cost of legal services" for social security litigants. Wells, 855 F.2d at 41. In this case, Plaintiff and her counsel made the standard contingent fee arrangement for social security cases, in which winning an award of back benefits would entitle counsel to an amount equal to 25% of the award, subject to court approval. Aff. (Dkt. No. 17, Attach. 2) at ¶ 3. The significance of an EAJA award lies in the fact that any amount awarded is paid by the Government, and offsets any amount that subsequently becomes due to an attorney after an award of social security benefits.[2] See Wells, 855 F.2d at 42. As a result, Plaintiff, not counsel, would be unjustly penalized if the Court reduced the award. Finding no reason dictated by justice to make such a reduction, it clearly would be inappropriate for the Court to use the $75 per hour rate as a means to provide a smaller reimbursement than the prevailing rate allowed by statute.

    2. Calculation of the Award

Plaintiff's counsel affirms that he is entitled to reimbursement for 17.4 hours of work on this case while it was pending in this Court. Affirm. of Counsel (Dkt. No. 17, Attach. 3) at ¶ 11. Counsel documents this time in an Affidavit annexed to the Motion. Time Expenditures Aff. (Dkt. No. 17, Attach. 5). Having reviewed the itemized statement of hours in light of the docket, the Court finds the number of hours submitted reasonable.

The $125 hourly rate is subject to a cost of living adjustment. See 42 § 2412(d)(2)(A). The

---

[2] The social security case centers on Plaintiff's claim that she is entitled to Supplemental Security income benefits dating back to July 14, 2004. Compl. (Dkt. No. 1, Attach. 1) at ¶ 3. The likelihood of Plaintiff's success on remand is not relevant to the Court's analysis here, and the Court does not mean to imply a position in that dispute beyond that which is reflected in prior Orders issued in this case.

Second Circuit has directed district courts to use the "All Items" Consumer Price Index (CPI) for the year in which the legal work was performed to calculate the appropriate cost of living adjustment to the base hourly rate.[3]  See Kerin, 218 F.3d at 194.  Based on a review of the Affidavit submitted by Plaintiff's counsel, the Court will provide reimbursement for 6.8 hours in 2006 and 9.6 hours in 2007.  See Time Expenditures Aff. (Dkt. No. 17, Attach. 5).  The CPI has risen from 166.9 in 1996, the year of the base hourly rate, to 220.7 in 2006.  For the 2007 hours, the August 2007 CPI of 228.326 will be used.[4]  New York-New Jersey Bureau of Labor Statistics Information Office, U.S. Department of Labor.  This amounts to an hourly reimbursement rate of $165.00 and $171.01 for the 2006 and 2007 hours, respectively.  The resulting fee award is $2763.70.  The EAJA also provides for reimbursement of costs associated with the litigation.  See 42 U.S.C. § 2412(d)(1)(A).  Plaintiff's counsel has submitted itemized costs in the amount of $47.00, for which reimbursement is warranted.  The total award is $2810.70.

**B. Payment of the EAJA Fees Motion**

The application for attorneys' fees (Dkt. No. 17, Attach. 5) is submitted by Motion of Plaintiff's counsel, Peter W. Antonowicz, and is submitted in his own name.  See Motion (Dkt. No. 17).  The Government is correct that, in general, a petition for attorneys' fees submitted under the

---

[3] Because of this methodology, whereby the Court calculates the cost of living adjustment using the CPI from the year the hourly rate became effective as a base, the $125 rate ultimately yields a slightly lower adjusted award than the mistaken $75 per hour rate.  This is because the $125 rate is subject to adjustments from 1996, whereas Plaintiff's counsel calculated cost of living adjustments to the $75 rate using 1982-1984 as base years.

[4] Since the 2007 Annual CPI is not yet available, the Court uses the Monthly CPI for August 2007, when legal services were rendered to Plaintiff.

5

EAJA should be submitted by motion and application of a plaintiff, not plaintiff's attorney. However, annexed to the Motion is an Affidavit completed by Plaintiff Moran, dated August 10, 2007, asserting, *inter alia*, the following:

> 1. I am the plaintiff-petitioner in the above-entitled civil action, and the petitioner in this motion seeking an allowance of a "counsel fee award" under the Equal Access to Justice Act.
> . . . .
> 5. I understand that my attorney will file an application for a counsel fee award under the Equal Access to Justice Act on my behalf and that the award is for my benefit and may not, and probably will not recompense in full, the entire contingency fee award to my attorney, but it will, if approved by the Court, recompense me in whatever amount the Court approves. I further understand that the Court's order remanding this case for further action by the Social Security Administration may not result in any retroactive benefits; however, I would not presently have any claim pending but for the representation of my attorney on my behalf in this Court.

Aff. (Dkt. No. 17, Attach. 2) at ¶¶ 1, 5.

Furthermore, the statements by Plaintiff's counsel in his sworn submissions unarguably communicate and demonstrate that the fees are being sought by and on behalf of Plaintiff. See generally Dkt. No. 17 and Attachments.

The Sixth Circuit recently differentiated between the scenarios in which applications for EAJA fees clearly must be denied when filed in an attorney's name and a situation in a social security case where the plaintiff's counsel submitted motion papers similar to those submitted here. See King v. Com'r of Social Security, 230 F.Appx. 476, 480 (6th Cir. 2007). In King, the Sixth Circuit found that

> appellant's counsel did not apply for fees as the real party in interest; rather, as she clarifies several times in her brief, she filed the application on behalf of appellant. Moreover, appellant had not discharged her counsel; counsel still represented appellant when appellant applied for attorney's fees, and continues to do so on appeal.

Id. Based on this evidence, the Sixth Circuit determined that "the pleadings read as a whole establish that appellant's attorney is seeking fees on behalf of her client." Clearly, this is the situation evident in the present case. The Sixth Circuit found "no authority holding that such less-than-artful wording should result in a denial of attorney's fees where they are otherwise appropriate under the EAJA," id. at 482, and as such, the district court was reversed for denying Plaintiff's motion. Id. at 483. Similarly, the Court here finds unwarranted a denial of Plaintiff's Motion due to the form in which it was submitted.

In arguing that fees cannot be paid as requested in the Motion, the Government relies on the Second Circuit's decision in Oguachuba v. I.N.S., 706 F.2d 93 (2d Cir. 1983). In Oguachuba, the court stated "counsel has no standing to apply to the public fisc for payment." Id. at 97. However, even though the motion submitted to the district court had not been accompanied by anything suggesting the request for fees could be attributed to plaintiff, the court found this did not require it to deny the application. Id. at 98. The court considered the application on the basis that the court would "treat Oguachuba's appeal as retroactively adopting his counsel's application for fees" because the appeal was "filed . . . in his own name." Id. Here, Plaintiff's Affidavit that was submitted with the Motion demonstrates that, at the time the Motion was filed, Plaintiff intended the Motion to be asserted on his behalf and understood that an award of fees would be for his benefit. Aff. (Dkt. No. 17, Attach. 3) at ¶ 5. Surely, if the belated appearance of the plaintiff in Oguachuba satisfied the court that the application was properly made, then the Affidavit and other indicia of Plaintiff in the present Motion suffice to allow the Motion to proceed as presented to the Court. See also King, 230 Fed.Appx. at 482 (discussing Oguachuba). As such, attorneys' fees and cost s in the amount provided in this Order may be paid to Plaintiff's counsel as requested in the Motion.

7


### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Motion for attorneys' fees (Dkt. No. 17) is **GRANTED** to the extent that Plaintiff is awarded a total amount of $2810.70; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    January, 04, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge